**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendants James Lee; Harry C. Daglas, Athena N. Daglas

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**Kevin Conrad**, an individual,

*Plaintiff*,

*v.*

**James Lee**, an individual; **Harry C. Daglas**, an individual; **Athena N. Daglas**, an individual; and Does 1-10,

*Defendants*.

Case No. 8:19-cv-01068-JLS-JDE

**DEFENDANTS' STATEMENT OF THE CASE**

Honorable Josephine L. Staton

Ronald Reagan Federal Building and United States Courthouse
411 W. Fourth St.,
Courtroom 10A, 10th Floor
Santa Ana, CA, 92701

Defendants James Lee, Harry C. Daglas, and Athena N. Daglas ("**Defendants**"), herewith submit their Statement of the Case as follows:

# I.

# INTRODUCTION

This case involves suit under the Americans with Disabilities Act ("ADA") and various state-law theories. In response to the explosion in the number of ADA cases filed, this District formulated a process for the for the speedy resolution of ADA cases (ADR-20). This District no doubt believed this would encourage "fair, speedy, and economic resolution of civil actions."

Plaintiff, a prolific filer, has surely proven this District wrong. This ADR process has merely become one more weapon – a cudgel – in Plaintiff's arsenal with which to beat a defendant into paying an exorbitant sum in exchange for release from Plaintiff's litigation express on a journey having little to do with removing barriers to access and everything to do with generating tens of thousands in "damages" and even more in attorney fees.

However, unlike other mass-filers who at least file a statement of the case – a required brief where the cases are stayed – Plaintiff has filed *nothing* beyond his complaint commencing the litigation, thereby leaving Defendants in the position of responding to nothing beyond naked allegations in the complaint.

Nevertheless, the conditions *vaguely* alleged in Plaintiff's complaint, further described in Plaintiff's statement of the case, if they ever existed, no longer exist.

As set forth further herein, there is no longer a basis for federal relief. This Court should exercise its inherent and statutory powers and dismiss the case. If Plaintiff believes there is a trough from which he and his lawyers are free to feed, let them go to state court where they can make their case for the sums demanded.

# II.

# PLAINTIFF'S BARRIER-RELATED CLAIMS

## 1. PLAINTIFF'S COMPLAINT

Plaintiff claims that he a quadriplegic. (Complaint, ¶1)

In terms of the targeting of Defendant's business, Plaintiff's allegations in

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

the complaint are curiously vague:

> 11. Plaintiff went to the Business *on or about* May 29, 2019 for the dual purpose of purchasing a meal and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law.

Although stated as if on equal footing, being a consumer was at best incidental to acting as self-appointed inspector/bounty hunter.

In his complaint, he specified only accessible parking spaces were not provided nor an accessible bathroom. (Complaint, ¶¶13-15).[1] The rest of the complaint amounts to a formulaic recital of the elements of claims no different than any of the scores of other complaints filed by this Plaintiff and his attorneys.

## 2. PLAINTIFF'S STATEMENT OF THE CASE – NONE!

Despite the obligation to file and serve a statement of the case, Plaintiff filed and served nothing. Beyond the question of why Plaintiff disregarded the court's order, perhaps it would be useful for a court to address the question of whether Plaintiff fails to meet the redressability requirement for Article III standing where the singular purpose of his "visit" is to bring the instant lawsuit. See *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F.Supp.2d 1208, 1219 (S.D. Cal. 2007).

## 3. THERE ARE NO BARRIERS TO ACCESS AS DESCRIBED IN PLAINTIFF'S COMPLAINT

No matter what Plaintiff vaguely described in his complaint, as evidenced below, there is no impediment to his actually being a customer at the restaurant.

As set forth in the attached CASp report, compliant accessible parking at the restaurant is provided. Moreover, there is no bathroom required to be made available to the public and none provided.

[1] However Plaintiff made quite clear that he intends to return (or have his attorney and/or "inspector" return) in order to find more alleged violations.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

## III.

## THIS CASE IS THE VERY SORT THAT SHOULD INVITE DISMISSAL

### 1. THE PURPOSE OF THIS COURT'S EARLY MEDIATION PROGRAM IS CLEAR

As noted above, the purpose of this Court's ADA Early Mediation Program is to minimize costs to the parties while addressing barrier removal where appropriate. As stated at ADR-20 page 3:

> A plaintiff's federal claims may become moot if a defendant voluntarily remedies conditions alleged to be in violation of the ADA and/or ADAAG. In such a case, a defendant who voluntarily remedies all ADA and ADAAG violations without being ordered to do so may obtain dismissal of the claims. Moreover, in some instances, such voluntary action by a defendant may negate a plaintiff's entitlement to attorney fees. See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 605-06 (2001) (superseded by statute on other grounds).

### 2. PLAINTIFF'S FEDERAL CLAIMS ARE MOOT

As set forth in Defendant's CASp report, this Court can find that the federal claims are moot.

### 3. THIS COURT SHOULD DISMISS PLAINTIFF'S STATE CLAIMS THAT CLEARLY PREDOMINATE THE ACTION

Courts within this District have come to realize that ADA litigation has taken a very disturbing turn. As succinctly stated by Judge Anderson in *Le v. Luis Ramallo*, 2:19-cv-04507-PA-SK in his order dismissing the state claim:

> The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high-

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

> frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and 1,868 cases (24% of civil cases) in the first six months of 2019.

Order, October 235, 2019, Doc. 20 (emphasis added). As further explained by Judge Anderson in his ruling:

> "Federal courts may properly take measures to discourage forum-shopping, and here, where Plaintiff has filed over one hundred disability discrimination cases, and settled more than fifty of them in a two-year period, the Court finds this to be a compelling reason to decline supplemental jurisdiction."

Order at pg. 7, quoting *Schutza v. Cuddeback*, 262 F.Supp.3d 1025, 1031 (S.D. Cal. 2017) (citing *Hanna v. Plumer*, 380 U.S. 460, 467-68 (1965)). As was further expressed in Judge Anderson's order dismissing the state claim,

> [T]here is no relief available to [plaintiff] in federal court that could not be secured in state court. Had he brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees. By being "inefficient" and declining to exercise supplemental jurisdiction over his state claim, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants. If that results in occasional inefficiency, it's a worthwhile tradeoff.

Order at pg 7-8, quoting Alessio Leasing, 2019 WL 1546950, at *4.

To the extent what Plaintiff and his counsel really seek money rather than access, they should seek such relief in a court more suited jurisdictionally to the task.

## IV.

## DEMAND FOR SETTLEMENT OF THE CASE

Defendants expect Plaintiff to acknowledge that his federal claim cannot be maintained. Defendants expect Plaintiff to recognize that the sole basis for further litigation is his pursuit of money to which he is not entitled. Defendants expect this case can be settled for an amount recognizing the foregoing.

/ / /

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

## V.

## RELIEF UNDER THE ADA EARLY MEDIATION PROGRAM AND BEYOND

Defendants hope this Court will recognize the seriousness threat to the orderly administration of justice occasioned by the practices of a few plaintiffs and their lawyers, including those involved in the prosecution of this case, that have prompted the response of an ever increasing number of judges in this District calculated to restore balance between the federal and state courts.

Dated: October 23, 2019 LAW OFFICES OF STEPHEN ABRAHAM

By: /s/ Stephen E. Abraham
Stephen E. Abraham
Attorney for Defendants

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On October 23, 2019, I served the foregoing document described as: **DEFENDANT'S STATEMENT OF THE CASE** thereon on all interested parties in this action as follows:

Joseph R. Manning, Jr., Esq. — Representing Plaintiff
Michael J. Manning, Esq.
Craig G. Côté, Esq.
MANNING LAW, APC
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660

[x] **e-Filing pursuant to Court order**

Executed on October 23, 2019, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Stephen E. Abraham
Stephen E. Abraham

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608